1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

UNITED STATES OF AMERICA,

9

Plaintiff,

10

v.

11

MARIO J. EARL,

12

Defendant.

13

Case No. 24-39 SKV

DETENTION ORDER
RULE 5 TRANSFER

14

Defendant Mario J. Earl is charged in the Northern District of Georgia with one count of

15

possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

16

846; one count of maintaining a drug involved premises, 21 U.S.C. §§ 856(a)(1), 846; one count

17

of possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1),

18

841(b)(1)(A), 18 U.S.C. § 2; one count of possession with intent to distribute a controlled

19

substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2; possession of a firearm in

20

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); money laundering, 18 U.S.C.

21

§§ 1956(a)(1)(B)(i)-(ii), 1956(h); and asset forfeiture.

22

23

DETENTION ORDER - 1

The Court held a detention hearing on February 1, 2024, pursuant to Fed. R. Crim. P. 5(c)(2), (d)(3), and 18 U.S.C. § 3142, and based upon the reasons for detention as stated on the record and as hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.  The government is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1), as Mr. Earl is charged with an offense with a maximum term of ten years or more imprisonment under the Controlled Substances Act.

2.  There is a rebuttable presumption of that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community pursuant to 18 U.S.C. § 3142(e).

3.  Taken as a whole, the record does effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Earl as required and the safety of the community. Mr. Earl is a long-time Washington resident, has stable housing, is employed, and has family in the community.

4.  Mr. Earl poses a risk of nonappearance due to history of failure to appear, history of supervision noncompliance, use of aliases including various social security numbers, unexplained assets, allegations of access to funds in Bitcoin, and income that is unverifiable.

5.  Mr. Earl poses a risk of danger due to the nature of the instant offense and allegations of violence by the alleged conspiracy, pattern of similar criminal activity in the past, history of conviction for violent offenses, supervision noncompliance, and history of firearms possession.

- 2

6.   Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure Mr. Earl's appearance at future court hearings while addressing the danger to other persons or the community, pending his initial appearance in the Northern District of Georgia.

IT IS THEREFORE ORDERED:

(1)   Mr. Earl shall be detained pending initial appearance in the Northern District of Georgia and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)   Mr. Earl shall be afforded reasonable opportunity for private consultation with counsel;

(3)   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Mr. Earl is confined shall deliver Mr. Earl to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The Clerk shall direct copies of this Order to counsel for the United States, to counsel for Mr. Earl, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 1st day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

- 3